KYH
LDK / 2026R00149

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. SAG-26-98 |
| DAVON VENNIE, | * | (Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)) |
| Defendant | * | |

*******

## INDICTMENT

### COUNT ONE
(Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about November 23, 2024, in the District of Maryland, the Defendant,

**DAVON VENNIE**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Ruger Model 57 handgun, bearing serial number 643-72178, and approximately seventeen (17) rounds of 5.7x28mm ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Count One of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offense set forth in Count One of this Indictment, the Defendant,

**DAVON VENNIE**,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense, including but not limited to: a Ruger Model 57 handgun, bearing serial number 643-72178; and approximately seventeen (17) rounds of 5.7x28mm ammunition contained therein.

### Substitute Assets

3. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Kelly Hayes /LDK*
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

03/12/2026
Date